[Civ. No. 583.   First Appellate District.—March 15, 1909.]

A. F. ROOKER, Respondent, v. LEON SAMUELS, Executor of Will of WM. HELLIER, Deceased, Appellant, and G. S. SWITZER, Respondent.

ACTION ON NOTE—PROOF OF EXECUTION BY DECEASED TESTATOR—SUPPORT OF VERDICT.—In an action on a note against the executor of a deceased testator, the testimony of disinterested witnesses familiar with his handwriting, that the note was in his handwriting, is sufficient to support a verdict against the executor for the full amount of the note.

ID.—PROPER INSTRUCTION—DISQUALIFICATION OF PLAINTIFF TO TESTIFY. The court properly instructed the jury substantially in the language of subdivision 2 of section 1880 of the Code of Civil Procedure, forbidding parties or persons in whose behalf an action is prosecuted against an executor or administrator to be witnesses "upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, for Appellant.

Roger Johnson, for Plaintiff-Respondent.

G. S. Switzer, and Wm. H. Chapman, for Defendant-Respondent.

KERRIGAN, J.—This is an appeal from an order denying defendant Samuels' motion for a new trial.

The action was brought on a joint and several promissory note of William Hellier and G. S. Switzer for $5,000, made July 10, 1899, payable eighteen months after date, with interest at seven per cent per annum. A credit of $300 is indorsed on the back of the note as of June 23, 1904. Hellier died about October 1, 1904, and the defendant Samuels is the executor of his estate. The jury returned a verdict for the full amount alleged to be due.

Appellant (defendant Samuels) contends that the evidence is insufficient to support the verdict of the jury that the note in question was executed by William Hellier. George E. Eaton testified: "I had known Hellier about ten years before his death. I have had business transactions with him. I have seen him write. I have received checks and receipts signed by him, and I am familiar with his handwriting." The witness further testified that the name "Wm. Hellier" signed to the note in question was in Hellier's handwriting; that the name "G. S. Switzer" was not in the handwriting of G. S. Switzer, but in the handwriting of Hellier. The witness also testified to having heard a conversation between plaintiff and Hellier in Stockton in May or June of 1904, when plaintiff asked Hellier to pay the note, and Hellier replied that he was "hard up" and had met some losses, that he did not know that he could pay it then, but would do so as soon as he could.

J. M. Mauser testified that he was assistant paying teller in the Crocker-Woolworth Bank (with which bank Hellier had dealt); that the signature on the note was in Hellier's handwriting.

From this brief narration of the record it is clear that the verdict of the jury is abundantly supported by the evidence.

Appellant next contends that the court erred in instructing the jury that the plaintiff could not testify as to any fact

that occurred before the death of the deceased.   The argu٫ ment in support of this contention is that it excused the failure of the plaintiff to offer himself as a witness, and that it was thus made to appear to the jury that if the law permitted it the plaintiff would have taken the stand and testified.   A sufficient answer to appellant's position is that the instruction is substantially in the language of section 1880 of the Code of Civil Procedure, which reads: "The following persons cannot be witnesses: . . . (3) Parties . . . to an .action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

We have examined other points raised by appellant, but deem them without substantial merit.

The order appealed from is affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 14, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1909.